**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                            15-CR-046-A
**ORDER**

RAYMOND LEE,

        Defendant.
_____

        The Defendant has filed a motion (Docket No. 46) for a sentence reduction pursuant to 18 U.S.C. § 3582(c). Section 3582(c) sets forth the general rule that a "court may not modify a term of imprisonment once it has been imposed except" in several limited circumstances, such as a relevant amendment to the U.S. Sentencing Guidelines or a motion from the Director of the Bureau of Prisons. The Defendant does not identify any § 3582(c) exception that might apply in this case, nor is any apparent. Thus, the Defendant's motion for a sentence reduction must be denied.

        The Court is mindful of its obligation to liberally construe pleadings filed by *pro se* litigants. Doing so here, the Defendant's motion for a sentence reduction could be construed as a motion to vacate, reduce, or set aside a sentence pursuant to 28 U.S.C. § 2255, based on a claim of ineffective assistance of counsel.

        A court, however, may "not convert a post-conviction motion into a § 2255 motion without first giving the prisoner notice of such proposed action, and giving the prisoner an opportunity to withdraw his § 2255 motion." *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004). The Defendant is therefore advised that, should he elect to convert his § 3582(c) motion into a § 2255 motion, and if that § 2255 motion is ultimately denied, he may be prohibited from filing a second § 2255 motion, except in certain limited

1

circumstances. *See Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998). In other words, if the Defendant elects to convert his § 3582(c) motion into a § 2255 motion, that decision "may result" in a "deprivation of a future opportunity to have a well-justified grievance adjudicated." *Id.* at 583.

The Clerk of Court shall mail a copy of this Order to the Defendant, together with a Motion to Vacate/Set Aside Sentence Under 28 U.S.C. § 2255 (AO Form 243). If the Defendant elects to convert his § 3582(c) motion into a § 2255 motion, he should complete the form § 2255 motion and return it to the Court within 45 days of the date of this Order. **In his § 2255 motion, the Defendant should show cause why the motion should not be dismissed as untimely given that it was filed more than one year after his conviction became final.** *See* 28 U.S.C. § 2255(f); *Rivera v. United States*, 448 Fed. App'x 145, 146 (2d Cir. 2011); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). If the Defendant elects to *not* convert his § 3582(c) motion into a § 2255 motion, he should notify the Court of that decision within 45 days of the date of this Order.

**SO ORDERED.**

Dated: January 17, 2018　　　　　　　　　　　　　__s/Richard J. Arcara__
　　Buffalo, New York　　　　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE